# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br>v.<br><br>ERNEST CLARK,<br><br>         Defendant. | Case No. 11-CR-30-JPG<br><br>**ORDER** |

  On January 4, 2012, United States District Judge J.P. Stadtmueller issued an order affirming United States Magistrate Judge Patricia J. Gorence's order, calculating defendant Ernest Clark's ("Clark") Speedy Trial Date as March, 13, 2012. (Docket #143). Clark has since filed objections to the Magistrate's speedy trial determination. (Docket #144). Having considered these objections, the court declines to alter Judge Stadtmueller's analysis or speedy trial determination, as contained in his January 4, 2012, order.

  It remains that the Magistrate properly entered two "ends of justice" continuances pursuant to 18 U.S.C. § 3161(h)(7)(A), excluding any period of delay "resulting from pretrial preparation and the resolution of motions" as well as the time between "June 27, 2011, and the January 2012 trial date." (Docket #'s 36, 66). Though the proposed January 9, 2012, trial date for defendant Clark has been delayed, and is now scheduled for February 21, 2012, the fact remains that based on these two continuances, Clark's speedy trial clock has not run for the majority of time since his arraignment on February 25, 2011. Indeed, as the court has previously noted, it would appear that Clark's speedy trial clock ran for only five days from his arraignment on February 25, 2011, until March 2, 2011, the date his co-defendant, Eric Griffin ("Griffin"), filed a motion to declare the case complex. Though Griffin's case

was severed from Clark's case as of September 15, 2011, this does not affect periods of excludable delay that one co-defendant may capture from another co-defendant *before* a motion to sever is granted. *See* 18 U.S.C. § 3161(h)(6) (allowing an exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). What is more, the "ends of justice" continuances are not retroactively invalidated simply because Griffin's motion to sever was granted. *See United States v. Vega*, 860 F.2d 779, 787 (7th Cir. 1988) (holding that the changed circumstances of severance and sequential trials does not retroactively invalidate an "ends of justice" continuance).

Moreover, even without considering the continuances, pretrial motions have been either pending or under advisement, as contemplated by 18 U.S.C. §§ 3161(h)(1)(D) and (H), continuously in Clark's case between March 2, 2011, and December 13, 2011, at the very least. Thus, all of this time is properly excludable. In turn, Clark's scheduled trial date of February 21, 2012, is well within the appropriate time-frame mandated by the Speedy Trial Act. Accordingly, the court finds no merit to the defendant's objections, and thus, it declines to alter its speedy trial determination of March 13, 2012, as set forth in its January 4, 2012, order.

For the foregoing reasons, the court **OVERRULES** Clark's objection (Docket #144) to Magistrate Judge Gorence's order calculating defendant Clark's Speedy Trial Date as March 13, 2012. (Docket #143).

**IT IS SO ORDERED.**
**DATED:  January 11, 2012**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**