# COURT MINUTES OF FINAL PRETRIAL CONFERENCE

UNITED STATES of AMERICA,

    v.　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 11-CR-30

ERNEST CLARK.

## HON. J. PHIL GILBERT PRESIDING

| | |
|---|---|
| DATE: February 7, 2012 | TIME SCHEDULED: 1:00 p.m. |
| LAW CLERK: Kate Gehl | TIME CALLED: 1:36 p.m. |
| COURT REPORTER: Phyllis Kaparis | TIME FINISHED: 2:07 p.m. |
| GOVERNMENT BY: AUSA William J. Lipscomb | |
| DEFENDANT BY: Ernest Clark, *Pro Se*, and Mark Rosen, Stand-by Counsel | |

Notes:

1:36 p.m. Appearances
1:37 Court addresses the parties, notes all are present in court except for the judge himself. He is present telephonically.
1:38 Court comments regarding Clark's motion to compel compliance with Fed.R.Crim.P. 16 at Docket #150. The court, having reviewed the motion and response, as well as an order of Judge Stadtmueller at Docket #129, **will deny the motion to compel compliance** and will adopt the reasoning and conclusion of Judge Stadtmueller's order, indicating that the magistrate's ruling regarding DNA testing is not clearly erroneous or contrary to law.
1:39 Court next states it will address Clark's motion at Docket #154 – motion to suppress and motion for Franks hearing.
1:39 Clark comments regarding his motion.
1:46 Attorney Lipscomb responds, arguing that Clark has misread the affidavit supporting the search warrant.
1:46 **Court, having reviewed the parties submissions and having heard their arguments**, **will deny the defendant's motion**. Court gives its reasoning for denial of the motion. Clark has not presented evidence that the affiant knew or should have known that statements in the affidavit were false. Court has considered the totality of the circumstances and finds the affidavit establishes probable cause. Clark has not made the requisite showing for a Franks hearing, and thus, the court will deny the motion.
1:50 Court addresses the government's request for notification of alibi witnesses. The court will give Clark until February 17, 2012, to serve written notice to the government of any intended alibi defense. Clark must give the specific place as well as the names, addresses and telephone numbers of any alibi witnesses.
1:51 Clark comments regarding the government's summary of expert testimony and requests that the testimony be kept out of evidence because it was tardy.
1:52 Attorney Lipscomb comments, noting it was his understanding that the government was supposed to provide a summary of the qualifications of the experts in the final pretrial report.
1:53 Clark responds.
1:53 Court advises that Clark's objection is noted for the record.

1:54 Attorney Rosen advises court that Clark has indicated he has not received total access to materials to prepare his case for trial while in segregation at the Milwaukee County Jail. Clark confirms this.
1:54 Attorney Lipscomb comments that he will figure out what the issues are and attempt to fix the problem.
1:55 Court makes clear that it does not want the trial delayed because of lack of access to materials. Attorney Lipscomb will follow up with the US Marshals Service and the County Jail to resolve the issue.
1:57 Clark comments regarding issues with access to evidence as well as access to clothes for trial.
1:59 Attorney Lipscomb notes that probation may be able to provide the defendant with clothes for trial. Attorney Rosen will find a way to get clothes to the defendant for trial.
2:00 Attorney Lipscomb comments on car that Clark claims contains evidence, noting it was not registered to Clark, it was taken to tow lot, it was not held as evidence, and it was sold.
2:01 Clark notes that he has paperwork showing the car is registered to him and that it was being held as evidence.
2:02 Court states that it cannot order evidence to be produced that does not exist and that is not in possession of the government. Court directs Attorney Lipscomb to contact the FBI to determine if evidence exists and to turn that evidence over to Clark if it does. If not, the AUSA should confirm that no such evidence exists.
2:03 Clark asks to confirm whether he still is authorized funds to have a defense expert review the raw DNA data. Court confirms he is still permitted to have an expert review the raw data.
2:04 Attorney Rosen notes that funds have been approved, but they have not been provided the data from the AUSA. Attorney Lipscomb comments that he will obtain the raw data as soon as he can, but the matter was put on hold while Clark's most recent motions were pending.
2:05 Clark advises the court that he would like to file a motion in limine, the nature of which deals with hearsay evidence.
2:06 Court states that it will take up any further motions the morning before trial – February 21, 2012 at 8:30 a.m.
2:07 Court stands in recess.