UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ERNEST CLARK,<br><br>                              Defendant. | Case No. 11-CR-30-JPG<br><br><br>**ORDER** |

This matter comes before the Court on defendant Ernest Clark's ("Clark") motion pursuant to Federal Rule of Civil Procedure 60(b) in which he seeks to overturn his conviction because he believes it was procured by fraud (Docket #222). Clark has also filed a motion seeking a ruling on his Rule 60(b) motion (Docket #226).

The Court does not have jurisdiction to consider Clark's motions. This case is currently on appeal before the United States Court of Appeals for the Seventh Circuit, Appeal No. 12-2627. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). While it is true that this Court retains jurisdiction to act if the matter brought before it is "a discrete matter ancillary to the issues under

consideration in the [Court of Appeals]," *Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995), Clark raises issues that directly implicate the propriety of his conviction, the very matter before the Court of Appeals. Thus, this Court does not have jurisdiction to grant his motions. Accordingly, the Court will deny them without prejudice.

The Court further notes that the relief Clark seeks – the setting aside of his sentence – is only available through a motion pursuant to 28 U.S.C. § 2255(a). The Court warns Clark that it may construe any future filing seeking relief from his sentence as a § 2255 motion. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original). Once Clark files a § 2255 motion, he will be subject to the restrictions on filing a second or successive petition. 28 U.S.C. § 2255(h). Therefore, he should be careful about the claims he includes in his § 2255 because it may be the only chance he gets to collaterally attack his sentence.

Therefore,

**IT IS ORDERED** that Clark's Rule 60(b) motion (Docket # 222) and motion for a ruling on that motion (Docket #226) are **DENIED without prejudice**.

**DATED:  October 28, 2013**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**