# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>ERNEST CLARK,<br><br>                  Defendant. | Case No. 11-CR-30-2-JPS<br><br>**ORDER** |

**1.     BACKGROUND**

On September 14, 2020, Defendant filed an emergency renewed motion for compassionate release.[1] (Docket #260). The Government filed a response, (Docket #269), and Defendant subsequently replied, (Docket #272). Defendant has filed multiple supplemental documents. (Docket #261, #263, #264, #267, #271, #273). The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

**2.     FACTS**

On July 9, 2012, following a jury trial, Defendant was convicted of twelve counts involving armed robbery, including six 924(c) offenses. During these robberies (which spanned from 2008 to 2010), Defendant and his codefendants brandished guns, jumped counters, donned masks, stole significant amounts of money, and left many victims in their wake. (Docket #185 at 2–15). Defendant was sentenced to a total of 1,951 months'

---

[1] Defendant previously filed a motion for compassionate release which this Court denied. (Docket #256). That motion focused primarily on mandatory minimums under 18 U.S.C. § 924(c)(1)(C). This Court advised Defendant that, if he wished, he may file a new motion for compassionate release alleging health issues. (*Id.* at 2–3).

imprisonment; his expected release date is in October 2149. (Docket #189). During the jury trial, Defendant provided false testimony and received an enhancement under U.S.S.G. § 3C1.1 for obstructing justice. (*See* Docket #269 at 3). Defendant's sentence consisted of 151 months' imprisonment as to Counts 1, 4, 6, 8, 12, and 15, to run concurrently with each other—the low end of the guideline range—and 300 months' imprisonment as to Counts 2, 5, 7, 9, 13, and 16, to run consecutively to one another and to all other sentences. (Docket #189 at 2). Defendant's criminal history stretches back to 1981, when he was thirteen years old. (Docket #185 at 28). He has spent significant portions of his adult life incarcerated and little of it employed. (Docket #269 at 4).

Defendant is a 52-year-old male. (*Id.* at 2). He has what appears to be exercise-induced asthma, for which he is prescribed an inhaler. (Docket #264-1 at 1). He has hypertension. (Docket #269 at 2). He takes medication for high cholesterol, and he has a body mass index (BMI) ranging between 34 and 36, which makes him obese. (*Id.*) In 2017, Defendant was diagnosed with prostate cancer. (*Id.*) He was treated for prostate cancer with radiation and Lupron in the recent past. (*Id.*) Though the cancer seems to be in remission, the effects of cancer and cancer treatment appear to have taken a toll on Defendant's physical health. (Docket #264 at 2–3). He has mild radiation cystitis and possible kidney damage. (Docket #264-1 at 2, #267-1 at 2).

Defendant is currently detained at Federal Correctional Institute Butner Medium II ("FCI Butner") in Butner, North Carolina. As of January 8, 2021, FCI Butner reports that 111 inmates and 4 staff have active cases of

COVID-19.[2] No deaths have been reported, and 15 inmates and 4 staff have recovered from the virus.[3] If released, Defendant intends to reside at his cousin's home in Milwaukee and work for her. (Docket #260 at 20).

3.   **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis.

---

[2]Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Jan. 8, 2021).

[3]*Id.*

Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the

sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4.  **ANALYSIS**

First, the Government concedes that Defendant exhausted his administrative remedies. (Docket #269 at 2). *Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). Defendant suffers from multiple conditions which, according to the Centers for Disease Control and Prevention, may increase one's risk for severe illness from COVID-19. These conditions include hypertension, asthma, and obesity.[4] Defendant

---

[4]Ctrs. for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 8, 2021).

has a recent history of cancer—another disease that places a person at increased risk of severe illness if combined with COVID-19.[5]

This Court finds (and the Government concedes, (Docket #269 at 2–3)) that the combination of Defendant's health issues, in light of the risks posed by COVID-19 and the virus's spread at FCI Butner, constitutes an extraordinary and compelling reason warranting Defendant's early release. *See, e.g.*, *United States v. Chapman*, No. 09-CR-0741, 2020 WL 2850984, at *2 (N.D. Ill. June 2, 2020) (finding an extraordinary and compelling reason for compassionate release where defendant was suffering from hypertension, high cholesterol, and prostate cancer).

But the analysis does not end there; the Court must also consider whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release. Defendant argues that his "advanced age and reduced mobility," mostly clean disciplinary record while incarcerated, personal growth during his incarceration, and fear of returning to prison in light of the COVID-19 pandemic dispel the risks of releasing him into the community. (Docket #260 at 20–21, #272 at 5). Perhaps these personal developments would prevent him from harming others or the community if he were to be released. However, consideration of the remaining § 3553(a) sentencing factors weighs heavily against Defendant's release.

Defendant was involved in a string of *serious*, *violent* felonies spanning over multiple years during which Defendant evaded capture, and he obstructed justice during the prosecution of his crimes. He is a mere ten years into his approximately 162-year sentence. Releasing Defendant at this

---

[5] *Id.*

Page 6 of 8
Case 2:11-cr-00030-JPS   Filed 01/14/21   Page 6 of 8   Document 274

time would undermine the importance that sentencing reflect the seriousness of the underlying crime and promote respect for the law. The Court is also concerned with Defendant's pattern of returning to crime. Given Defendant's history of recidivism and violence, his present incarceration—at the very least—incapacitates his ability to commit violent robberies. In light of the § 3553(a) factors, the Court will deny Defendant's motion for compassionate release.

5. **CONCLUSION**

Defendant has exhausted his administrative remedies and also proffered an extraordinary and compelling reason warranting his release. Nevertheless, the Court has determined that the § 3553(a) factors strongly militate against Defendant's release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #260). It will also deny as moot Defendant's motion for an order to expedite consideration, (Docket #273), and motion for production, (Docket #262). The Government's motion to seal, (Docket #268), will be granted and its submission, (Docket #269), will be sealed.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #260) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion for expedited consideration (Docket #273) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant's motion for production (Docket #262) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the Government's motion to seal (Docket #268) be and the same is hereby **GRANTED**; the Government's submission (Docket #269) be and the same is hereby **SEALED**.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge